IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD BETTIS,<br><br>Plaintiff,<br><br>vs.<br><br>PENNSYLVANIA DEPARTMENT OF TRANSPORTATION,<br><br>Defendants. | 2:21-cv-01309-RJC |

### **MEMORANDUM OPINION**

Robert J. Colville, United States District Judge.

Before the Court is a partial motion to dismiss filed by Defendant Pennsylvania Department of Transportation ("PennDOT") pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant's motion has been fully briefed and is ripe for disposition.

I.   **Factual Background and Procedural History**

On August 10, 2021, Plaintiff Richard Bettis, a veteran of the Iraq war, filed an eight-count Complaint in the Court of Common Pleas of Westmoreland County (ECF No. 1-1), which was removed to this Court on September 30, 2021. The Plaintiff has filed several amended complaints (ECF Nos. 10, 11, 12); the Third Amended Complaint (the fourth Complaint) ("TAC") is the operative pleading. (ECF No. 15).

In summary, Bettis alleges he suffers from post-traumatic stress disorder arising from the wearing of I-95 masks when the oil fields were burned in Kuwait by the Iranians during the Iraq war. He alleges he was discriminated against when he was fired from his employment at the

defendant's drivers license center on the grounds that he refused to wear a mask or a face shield as a result of policies implemented after the COVID-19 pandemic began in March, 2020. At issue in the motion to dismiss is Count I, which alleges hostile work environment disability discrimination in violation of the Pennsylvania Human Relations Act ("PHRA"). For the reasons stated herein, said motion will be granted.

## II.    Legal Standard

A court must grant a motion to dismiss under Rule 12(b)(1) if it determines that it lacks subject matter jurisdiction over a claim. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). "Generally, where a defendant moves to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction, the plaintiff bears the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction." *The Connelly Firm, P.C. v. U.S. Dep't of the Treasury*, No. 15-2695, 2016 WL 1559299, at *2 (D. N.J. Apr. 18, 2016) (citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000)).

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will likely prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Supreme Court of the United States has explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (quoting *Twombly*, 550 U.S. at 556) (internal citations omitted).

"[A]s a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). "However, an exception to the general rule is that a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *Id.* (internal quotation omitted).

III. **Discussion**

The ADA and PHRA provide that employers may not discriminate against employees because of disability. 42 U.S.C. § 12112(a); 43 PA. STAT. ANN. § 955. In both federal and Pennsylvania courts, a plaintiff's claims under the ADA and PHRA are treated as coextensive. *Kelly v. Drexel University*, 94 F.3d 102, 105 (3d Cir. 1996). In addition, the PHRA's definition of disability is coextensive with the definition of disability under the ADA. *Id.* The ADA defines a qualifying disability as 'a physical or mental impairment that substantially limits one or more of [the employee's] major life activities.'" *Feliciano v. Coca-Cola Refreshments USA, Inc.*, 281 F.

3

Supp.3d 585, 592 (E.D. Pa. 2017) (quoting 42 U.S.C. § 12102(1)(a); citing *Amiot v. Kemper Ins. Co.,* 122 Fed. Appx. 577, 580 (3d Cir. 2004)).

A claim for a hostile work environment requires a showing that the plaintiff is a qualified individual with a disability; the plaintiff was subject to unwelcome harassment; the harassment was based on the plaintiff's disability or request for an accommodation; the harassment was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and to create an abusive or hostile working environment; and that the employer knew or should have known of the harassment and failed to take prompt effective remedial action. S*ee Frost v. City of Phila.*, 839 Fed. App'x 752, 758 (3d Cir. 2021); *Walton v. Mental Health Ass'n*, 168 F.3d 661, 667 (3d Cir. 1999).

Defendant does not challenge at this juncture that Plaintiff has adequately alleged the first element, i.e. that Plaintiff was a qualified individual with a disability, but rather, seeks dismissal for failure to state a claim as to the remainder of the prima facie elements. Plaintiff argues he has alleged he did not return to work for two weeks due to lack of childcare, and that "Defendant gave Plaintiff a hard time about not coming to work." (TAC ¶10). He also alleges he was sent home from work for several weeks and given multiple directives related to the COVID-19 mask mandate. (TAC ¶¶6a-e). Plaintiff alleges that the defendant announced his failure to wear a mask over the loudspeaker, that he presented Defendant with medical excuses that he could not wear a face mask or shield, and that defendant did not consider the alternative of plexiglass separation, as suggested by his doctor.

The ADA anti-discrimination mandate does not require a happy or even a civil workplace. *Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998). Instead, it only prohibits harassment so severe or pervasive as "to alter the

conditions of the victim's employment and create an abusive working environment." *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993) (analyzing Title VII); *Walton v. Mental Health Ass'n*, 168 F.3d 661, 666 (3d Cir. 1999) (equating the hostile work environment analysis in Title VII and the ADA).  "[O]rdinary tribulations of the workplace, such as the sporadic use of abusive language, [ ] jokes, and occasional teasing" are not enough to sustain a hostile work environment claim. *Faragher*, 524 U.S. at 788. To determine if the harassment meets the "severe or pervasive" standard, we consider the totality of the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with the employee's work performance." *Harris*, 510 U.S. at 23.

We conclude considering the totality of the circumstances, Plaintiff has not plausibly plead a claim for hostile work environment because Defendant's alleged conduct is not objectively hostile or abusive.  Defendant communicated its work mask requirement several times, gave Plaintiff "a hard time" about returning to work, and there was an announcement over the loudspeaker about Plaintiff's not wearing a mask.  Taking all the allegations in the TAC as true, the allegations do not constitute a claim for hostile work environment based on his disability or request for accommodation. The alleged conduct is not sufficiently severe or pervasive.

For these reasons the motion to dismiss will be granted with respect to Count I.

**Leave to Amend**

As set forth *supra*, the Third Amended Complaint lacks specificity in numerous respects. Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend a pleading "once as a matter of course at any time before a responsive pleading is served." A motion to dismiss for

failure to state a claim must be made "before pleading if a further pleading is permitted." Fed. R. Civ. P. 12(b). Thus, in the typical case in which a defendant asserts the defense of failure to state a claim by motion, the plaintiff may amend the complaint once "as a matter of course" without leave of court. See 2 James Wm. Moore et al., Moore's Federal Practice § 12.34[5], at 12–76 (3d ed.1999) (quoting Fed. R. Civ. P. 15(a)).

After amending once or after an answer has been filed, the plaintiff may amend only with leave of court or the written consent of the opposing party, but "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has instructed that although "the grant or denial of an opportunity to amend is within the discretion of the District Court, ... outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely an abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997); *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413–14 (3d Cir. 1993). "Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted. *Burlington*, 114 F.3d at 1434. In assessing "futility," the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6). *Id.*; 3 Moore's Federal Practice, supra § 15.15[3], at 15–47 to –48 (3d ed. 2000).

Given the numerous amendments submitted prior to the Third Amended Complaint, we conclude that leave to amend is not appropriate in this circumstance, as it would be futile and would prejudice the defendant to have to answer said claim.

**IV. Conclusion**

For the reasons discussed above, the Court will grant the motion to dismiss by the Defendant with prejudice. An appropriate Order of Court follows.

BY THE COURT:

s/*Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: September 13, 2022

cc/ecf: All counsel of record